STANLEY A. HARVEY                    NO. 8265

versus                              COURT OF APPEAL

MISS BERTHA LOUP & MRS. J. MARQUE  :  PARISH OF ORLEANS

WILLIAM A. BELL, JUDGE:

June 5th, 1922.

BY: WILLIAM A. BELL, JUDGE:

Plaintiff sues for recovery of commissions as a real estate agent, and for 25% of attorney's fees, incident to this suit.

It is alleged that on August 14th, 1919, the defendants, by written contract, annexed to the petition, appointed plaintiff as agent to sell certain property, described in the petition, situated in this City, for the price, and sum of $4,000; and that plaintiff was to be paid, as a commission, whatever was obtained over $4,000, or, if the property were sold for less than $4,000, he was then to receive 5% of the sale price; that petitioner secured a purchaser of the property, at the price of $4,300, but that defendants refused to accept the offer, and therefore, he is entitled to be reimbursed in the sum claimed in the petition.

The written contract of employment, or agency, is made part of the petition, and also the written offer of purchase. The terms and conditions set forth in the latter document are that the proposed purchaser offers for the property described, the sum of $4,300, "cash, titles and loan subject approval of the Homestead." It is further stipulated in the offer that the purchaser obligates himself to deposit with the agent 10% of the amount offered, on account of purchase price, to bind the sale, and as earnest money, if the offer is accepted. In the contract of agency, there is a clause to the effect that it is understood and agreed that the agent's labor shall cease when the deposit is put up, and that the commission, or difference, shall be earned and paid by the owner, whether the total of said property is accepted or rejected by the purchaser. These are the pertinent clauses in the two documents annexed to the petition.

Exceptions of vagueness, and no cause of action were filed to the petition, and the Court a qua, maintained the exceptions of no cause of action, without giving written reasons therefor. There was judgment dismissing suit, at plaintiff's cost.

Counsel for defendants has urged in argument and brief that the petition herein filed discloses no cause of action, because there is no allegation therein that the purchaser was ready, willing, and able to buy the property, or that the purchaser had put up a 10% deposit.

An examination of the pleadings causes us to differ with our Brother of the Trial Court as to the sufficiency of petitioner's allegations, and we are not of the opinion that the omitted allegations suggested by the defense were necessary to disclose a cause of action in this matter, we being of the opinion that it is a natural inference, from the allegations set out in the petition, and from the documents annexed thereto, that the proposed purchaser was ready and willing, as well as able to purchase the property. The terms of the offer, to wit, "cash, titles and loan subject approval of Homestead" are usual conditions found in documents, or offers of purchase made in this community concerning real estate deals.

As to the allegation that a deposit of 10% had been made part of the acts necessary to make the offer a binding one, on the proposed purchaser, there is nothing in the contract of agency which makes it a part of the agent's duty to have procured such a clause or condition of purchase. In our opinion, these are matters of defense which should be urged on the merits, if justified by the facts in the case, and are not sacramental allegations, the omission of which would defeat the plaintiff's cause of action. *at appellee's Costs*

JUDGMENT REVERSED AND CASE REMANDED

TO TRIAL COURT

FOR FURTHER PROCEEDINGS

June 5,1922.